UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA J. GRANT,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT COOPER, M.D. dba WEST OAKLAND HEALTH COUNCIL, INC. and ADRIAN JAMES, M.D.,<br><br>        Defendants.<br>_____/ | No. C-08-4915 JCS<br><br>**ORDER RE PLAINTIFF'S REQUESTS FOR FEE WAIVER, TRANSPORTATION COSTS, APPOINTMENT OF COUNSEL AND LEAVE TO AMEND COMPLAINT [Docket Nos. 8, 9]** |

## I.    INTRODUCTION

On October 28, 2008, Defendants Robert Cooper and Adrian James removed this case from the Small Claims Division of the Alameda County Superior Court. Subsequently, Plaintiff Elena Grant sent two letters to the Court. In the first letter, dated November 4, 2008 ("Plaintiff's First Letter"), Plaintiff requests appointment of legal counsel, a fee waiver, and transportation between her home in Sacramento and the courthouse in San Francisco on the basis she is disabled and unable to afford legal counsel or transportation. In the second letter, dated November 6, 2008 ("Plaintiff's Second Letter"), Plaintiff requests leave to amend her complaint to raise the alleged damages amount from the Small Claims Court maximum of $7,500.00 to $30,000.00. In the Second Letter, Plaintiff also states that her husband, Robert D. Grant, has been added to the complaint in a related administrative action with the California Department of Public Health, Licensing, and Certification at the East Bay District Offices, Case Number 168602. *Id.* The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court addresses the requests in Plaintiff's letters below.

**II.     BACKGROUND**

On August 6, 2008, Plaintiff Elena Grant filed a complaint in Alameda County Superior Court Small Claims Division against Robert Cooper, M.D. dba West Oakland Health Council, Inc. and Adrian James, M.D.  Notice of Removal at 2.  Plaintiff alleges that on or about December 20, 2006, through April 1, 2008, Robert Cooper M.D. and Adrian James M..D. provided "substandard care & prescribing issues, causing pain & suffering also stress (maliciously) and being pushed out of [the] clinic which [she has] been going to for over 18 years."  Complaint at 2.  Plaintiff sought $7,500.00 in damages.  *Id.*

On October 21, 2008, the United States Attorney's Office received notification from the U.S. Department of Health and Human Services of the state court action.  Notice of Removal at 2.  On October 28, 2008, Defendants filed a Notice of Removal with this Court.   Plaintiff subsequently sent two letters to the Court, described above.

On November 14, 2008, Defendants filed a motion to dismiss for lack of subject matter jurisdiction.  Docket Entry No. 13.  The Motion to Dismiss is set for hearing on January 16, 2009.

**III.    ANALYSIS**

In her letters, Plaintiff requests the following: 1) a fee waiver; 2) transportation costs; 3) appointment of counsel; and 4) leave to amend her complaint.

**A.     Fee Waiver**

In Plaintiff's First Letter, she requests a fee waiver.  Because this action was removed from state court by Defendants, Plaintiff is not required to pay a filing fee.  Therefore, the Court need not address Plaintiff's request.

**B.     Transportation Costs**

Plaintiff also requests assistance with transportation between Sacramento and San Francisco. Section 1915 of Title 28 allows the Court, in appropriate cases, to relieve an indigent civil litigant from the obligation to pay filing fees, costs associated with service of process and charges for certain types of stenographic transcripts.  However, transportation costs have been considered to be

2

materially different in character from the kinds of costs enumerated in 28 U.S.C § 1915 and have been found to be outside the scope of that provision. *Manning v. Tefft*, 839 F.Supp. 126, 129 (D.R.I. 1994). Nor has the Court found any other authority that allows it to award the costs of transportation to litigants. Therefore, Plaintiff's request is DENIED with prejudice. Plaintiff may request permission to appear by telephone at proceedings other than trial by faxing a letter request, with a contact telephone number, to Karen Hom at fax number (415) 522-3636.

### C. Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court is authorized to appoint an attorney to represent any person unable to afford counsel where there are "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). Thus, the Court must find both that Plaintiff is unable to afford counsel, that is, that she qualifies for *in forma pauperis* status, and that she meets the "exceptional circumstances" requirement. The Court is unable to determine whether the former requirement is met because Plaintiff has not filed an application to proceed in forma pauperis.[1] Further, it is too early in the case to determine whether there are exceptional circumstances in this case. Therefore, the Court denies the request to appoint counsel at this time, without prejudice to Plaintiff renewing her request at a later stage of the case.

### D. Leave to Amend Complaint

In Plaintiff's Second Letter, she requests leave to amend her complaint to increase her claim for damages to $30,000.00. Plaintiff's Second Letter. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party is permitted to amend her complaint once as a matter of course where no responsive pleading has been filed. As Defendants have not yet filed an Answer, Plaintiff's request is GRANTED. The existing prayer for damages is deemed amended to seek $30.000.

---

[1] If Plaintiff wishes to request *in forma pauperis* status, she may obtain an application from the Clerk's Office of this Court.

## IV. CONCLUSION

The Motions are DENIED in part and GRANTED in part as follows: 1) Plaintiff's request for transportation costs is denied with prejudice; 2) Plaintiff's request for appointment of counsel is denied without prejudice to renewing the request at a later state of the case; 3) Plaintiff's request for leave to amend is granted.

In addition, Plaintiff may schedule a telephonic appointment with the Court's Volunteer Legal Help Center by calling (415) 626-6997. In making the appointment, Plaintiff should cite to this Order, allowing for an exception to the usual rules requiring that pro se plaintiffs must come to the Legal Help Center at 450 Golden Gate Avenue, San Francisco, in person, to schedule an appointment.

IT IS SO ORDERED.

Dated: December 1, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge

4