UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA S. GRANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT COOPER, ET AL.,<br><br>　　　　Defendants.<br>_____/ | No. C-08-04915 (JCS)<br><br>**ORDER GRANTING APPLICATION OF ELENA GRANT TO PROCEED IN FORMA PAUPERIS, DENYING REQUEST FOR APPOINTMENT OF COUNSEL, DENYING PLAINTIFF'S MOTION TO AMEND, GRANTING FEDERAL DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DISMISSING ACTION WITHOUT PREJUDICE [Docket Nos. 9, 13, 23, 26]** |

## I.     INTRODUCTION

On August 6, 2008, Plaintiff, Elena Grant, ("Plaintiff") filed an action against Defendants Robert Cooper dba West Oakland Health Inc., and Adrian James, in the Alameda County Superior Court, Small Claims Division. Notice of Removal, Ex. A (Complaint). The United States removed the action to this Court, substituting in as defendant for Cooper and James, on the basis that the West Oakland Health Council, Inc., is a federally supported health center and Cooper and James, both doctors at the clinic, were acting within the scope of employment during the time alleged in the Complaint. *See* 42 U.S.C. §§ 233 (g) - (n) ("Federally Supported Health Centers Assistance Act").

The United States now brings a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("the Motion to Dismiss"), asserting that this Court lacks subject matter jurisdiction over Plaintiff's complaint because Plaintiff has failed to exhaust her administrative remedies, as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). Plaintiff Elena Grant, in turn, has requested leave to amend her complaint to add her husband, Robert Grant. In addition, both Elena Grant and Robert Grant have filed applications to proceed in forma pauperis

and requested appointment of counsel. A hearing on the motions was held on Friday, January 16, 2009 at 9:30 a.m. For the reasons stated below, the applications of Elena Grant to proceed in forma pauperis is GRANTED. The request for appointment of counsel is DENIED without prejudice. The Motion to Amend to add Robert Grant to the Complaint is DENIED. The United States' Motion to Dismiss is GRANTED.[1]

## II.   BACKGROUND

### A.   Procedural Background

In her complaint, Plaintiff alleges that doctors Robert Cooper and Adrian James provided "substandard care, and prescribing issues, causing pain and suffering, also stress (maliciously) and being pushed out of clinic which I've been going to for over 18 years." Complaint at 2. Plaintiff claimed these injuries occurred December 20, 2006 and April 1, 2008, and sought $7,500.00 in damages. *Id.* The United States removed the action to this Court on October 28, 2008.

In a letter dated November 4, 2008 ("the November 4 letter"), Plaintiff requested appointment of counsel and assistance with transportation to San Francisco for Court appearances. Docket No. 8. In a second letter to the Court, dated November 6, 2008 ("the November 6 Letter"), Plaintiff stated that she wishes to amend her complaint to raise the damages sought to $30,000.00. Docket No. 9. In that letter she also stated that the had filed a claim with the California Department of Public Health, Licensing and Certification, assigned Case No. 168602. *Id.* She continued, "[m]y husband Robert D. Grant has been added to my complaint." *Id*.

In an order filed December 1, 2008, the Court denied the request for appointment of counsel without prejudice and denied the request for transportation, but permitted Plaintiff to appear telephonically at hearings and referred Plaintiff to the Court's Volunteer Legal Help Center. Docket No. 18. The Court also granted Plaintiff's request to amend her complaint to increase her damages. It did not address the statement in Plaintiff's November 6 Letter regarding Robert Grant, construing

---

[1] Plaintiff Elena Grant and Defendant the United States have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). Robert Grant also filed a consent to magistrate jurisdiction in this action.

2

1  that statement as a reference to Plaintiff's complaint with the California Department of Public
2  Health, Licensing and Certification.
3    Subsequently, both Elena and Robert Grant filed requests to proceed in forma pauperis and
4  for appointment of counsel. (As to Plaintiff Elena Grant, the request for appointment of counsel was
5  her second request.)  On the basis of these requests, it is now apparent to the Court that Plaintiff
6  Elena Grant, in her November 6 Letter, sought to amend her complaint to add Robert Grant as a
7  plaintiff in this action.  Because the Court did not rule on this request in its previous order, it does so
8  in this Order.

### B.  The Motion to Dismiss

In the Motion to Dismiss, Defendant asserts that the Court does not have subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Motion at 2.  Defendant argues that United States, as a sovereign entity, cannot be sued without its consent and therefore, the district court has no jurisdiction to award relief unless such relief is expressly authorized by statute. *Id.* at 5 (citing *United States v. Testan,* 424 U.S. 392, 399 (1976); *FDIC v. Meyer,* 510 U.S. 471, 476 (1994); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997)).  Further, although the FTCA provides a remedy for those allegedly injured by negligent acts of government employees working within the scope of their employment, Defendant asserts that Plaintiff Elena Grant has not met the FTCA's exhaustion requirement and therefore cannot sue the United States.  Motion at 2.  In particular, Defendant asserts that Plaintiff is required to file a claim with the federal Department of Health and Human Services ("DHHS") before an action may be brought in this Court under the FTCA.  Motion at 6-8 (citing 28 U.S.C. § 2675 (a), *Jerves v. United States,* 966 F.2d 517, 518 (9th Cir. 1992)).  According to Defendant, as of November 13, 2008, no claim had been filed with DHHS by Elena Grant. Declaration of Melissa K. Brown in Support of Federal Defendant's Motion to Dismiss Complaint for Lack of Subject-Matter Jurisdiction ("Brown Decl."), ¶ 7.  In a Reply Declaration, Defendant's counsel stated that as of January 8, 2009, DHHS had no record of a claim filed by either Elena or Robert Grant.  *See* Second Supplemental Declaration of Melissa K. Brown in

3

Support of Federal Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction ("Brown Supp. Decl."), ¶ 2. Accordingly, Defendant argues, Plaintiff's claim must be dismissed without prejudice.

Plaintiff Elena Grant did not file an Opposition to the Motion to Dismiss. Both Mr. and Mrs. Grant appeared telephonically at the January 16, 2009 hearing. They stipulated that they had not filed a claim with the DHHS based on the conduct that is the basis for the claims in this action.

## III. ANALYSIS

### A. The Motion to Dismiss

#### a. Legal Standard Applicable to 12(b)(1) Motions

Rule 12(b)(1) authorizes a defendant to seek dismissal based on lack of subject matter jurisdiction. A party seeking dismissal for lack of subject matter jurisdiction may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that the pleadings are insufficient on their face. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where a defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may make factual determinations. *White*, 227 F.3d at 1242.

#### b. Subject Matter Jurisdiction Under the FTCA

The United States, as sovereign, can be sued only to the extent that it has consented to be sued. *United States v. Sherwood*, 312, U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Therefore, no court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. *Sherwood*, 312, U.S. at 586-87.

In the present case, the FTCA is the exclusive waiver of sovereign immunity for actions resulting in tort against the United States, its agencies, and employees acting within the scope of

4

their employment. *Smith v. United States*, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. § 1346 (b)).

28 U.S.C. Section 2675(a) reads, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

28 U.S.C. §2675(a). Under this section, "a tort claimant may not commence proceedings in court against the United States without first filing a claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made. *Jerves*, 966 F.2d at 519.

"[T]he claim requirement section of 28 U.S.C. § 2675(a) is jurisdictional in nature and may not waived." *Jerves,* 966 F.2d at 519; *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (because the exhaustion requirement is jurisdictional in nature, it must be interpreted strictly and strictly adhered to); *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We are not allowed to proceed in the absence of fulfillment of the FTCA exhaustion conditions merely because dismissal would visit a harsh result upon the plaintiff.")

### c. Whether the Court Has Subject Matter Jurisdiction over the Complaint

#### 1. Substitution of United States for Cooper and James

In order to determine whether the requirements of the FTCA applies to this action, the Court must first determine if the United States has properly substituted for the named defendants, Robert Cooper and Adrian James. The Court concludes that it has. In particular, the United States filed a Certification Pursuant to 28 U.S.C. § 2679(d) ("Certification"), signed by the Chief of the Civil Division of the United States Attorney's Office for the Northern District of California, Joann M. Swanson, stating, in part, as follows:

> I have reviewed the complaint in the above-captioned action. Robert Cooper, M.D. and Adrian James, M.D. are employees of West Oakland Health Council, Inc., a federally

5

deemed health center. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), Robert Cooper, M.D. and Adrian James, M.D. are covered under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. On the basis of those citations and certain other information provided to me, pursuant to the provisions of 28 U.S.C. § 2679(d) and by virtue of the authority vested in me as set forth above, I hereby certify that Robert Cooper, M.D. and Adrian James, M.D. were acting within the course and scope of their employment with West Oakland Health Council, Inc. during the times alleged.

Certification, ¶ 2. Plaintiff has not challenged the Certification or the substitution of the United States as the proper defendant in this action. Nor is there any evidence or allegation in the record of this case suggesting that the United States is *not* the proper defendant. Accordingly, the Court concludes that the FTCA – including its exhaustion requirement – applies in this case.

### 2. Whether the Exhaustion Requirement has been Met

Defendant asserts that this Court does not have jurisdiction over Plaintiff Elena Grant's complaint because she has not filed an administrative claim with DHHS. The Court agrees.

In order to meet the FTCA's exhaustion requirements, a claimant must first file a claim with the appropriate federal agency. *Caton v. United States,* 495 F.2d 635, 638 (9th Cir. 1974). Further, the claimant "may not commence court action [against the United States] until either (1) the agency makes a final denial within the six months' period, or (2) six months transpires after the claim is filed with the agency, and the claimant then treats the agency failure to act as a final denial of the claim." *Id.*

Here, the appropriate federal agency for Plaintiff's complaint is the Department of Health and Human Services ("DHHS"). Brown Decl., ¶ 6. Because Mrs. Grant has not yet filed a claim with the DHHS, this Court lacks subject matter jurisdiction over her claims under the FTCA.

### B. The Request to Amend the Complaint to Add Robert Grant as a Plaintiff

On November 6, 2008 Plaintiff Elena Grant requested that her husband, Robert Grant, be added to this action. Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." However, a court may deny leave to amend where it finds that amendment of the complaint would be futile. *See Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993). Here, it is undisputed that Robert Grant has not filed a claim with DHHS. Therefore, Robert Grant, like Elena Grant, has not exhausted his administrative remedies and amendment of Plaintiff's complaint would be futile. The Request to Amend is

6

DENIED.

### C. The Requests to Proceed In Forma Pauperis

Both Mr. and Mrs. Grant have filed motions to proceed in forma pauperis. Having reviewed Mrs. Grant's application, the Court determines that she is indigent and therefore, her request is GRANTED. Because Mr. Grant is not a party to this action, the Court declines to rule on his motion to proceed in forma pauperis.

### D. The Requests for Appointment of Counsel

Both Mr. and Mrs. Grant request appointment of counsel. For the reasons stated in the Court's December 1, 2008 Order, Mrs. Grant's request is DENIED without prejudice. Because Mr. Grant is not a party to this action, the Court declines to rule on his request for appointment of counsel.

## IV. CONCLUSION

For the reasons stated above, the Court rules as follows: The United States' Motion to Dismiss is GRANTED. The complaint is dismissed without prejudice on the basis that the Court lacks subject matter jurisdiction over the action. The Motion to Amend is DENIED on the basis that amendment to add Mr. Grant to the complaint is futile. Plaintiff Elena Grant's request to proceed in forma pauperis is GRANTED and her request for appointment of counsel is DENIED without prejudice. The Court declines to rule on Mr. Grant's application to proceed in forma pauperis and his request for appointment of counsel on the basis that Mr. Grant is not a party to this action.

IT IS SO ORDERED.

Dated: January 23, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge